UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-00099-LLK

JENNIFER L. KELLY                                                                                           PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 16 and DN 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 12].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision was supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

The ALJ found that Plaintiff is not disabled because, notwithstanding her severe, or vocationally significant, asthma, diabetes mellitus, and morbid obesity, she retains the ability to perform a significant number of unskilled, sedentary jobs in the national economy, which accommodate a need to avoid all unusually hazardous workplaces and all workplaces with unusually elevated levels of pulmonary irritants such as fumes or gases. [DN 11-2 at 17, 19-20, 23]. Plaintiff can perform these jobs, notwithstanding her severe depression and anxiety, which limit her to work involving no more than minimal changes in job requirements and allowing her to be off-task 5% of the workday. *Id.*

**The ALJ did not commit reversible error in <u>not</u> finding
Plaintiff's alleged back problems to be severe.**

Plaintiff makes three arguments. This Opinion will consider Plaintiff's second argument first because her other arguments appear to relate to it.

Plaintiff's second argument is that "the [ALJ] erred in finding that [her] back problems were not a severe impairment." [DN 16 at 4]. The ALJ did not specifically find that Plaintiff's back problems are not severe. In fact, the ALJ's decision does not even mention Plaintiff's "back."

In any event, in evaluating a claim of error for not finding an impairment to be "severe," the Sixth Circuit applies a harmless-error test. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020). Not labeling an impairment as "severe" (at the second step of the sequential evaluation process) does not "constitute reversible error" if the ALJ's decision as a whole indicates the ALJ considered the limiting effects of all severe **and non-severe** impairments at subsequent steps of the evaluation process. *Id.* (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

In this case, the ALJ considered the limiting effects of Plaintiff's alleged back problems when she considered the limiting effects of her morbid obesity and diabetes mellitus. The ALJ noted that Plaintiff's treatment record "indicates that [her] obesity was directly linked to [her alleged] radicular pain in her left lower extremity." [DN 11-2 at 21 referencing DN 11-7 at 977]. In September 2018, advanced practice registered nurse ("APRN") Debbie S. Ping noted that:

> We discussed obesity and the need for weight loss in great detail. Likely [Plaintiff's] **obesity is directly linked to** *(emphasis added)* radicular pain in LLE [left lower extremity]. I am also worried about nerve compression in lumbar spine. I will order a L-Spine [Lumbar-Spine] MRI [magnetic resonance imaging] and EMG [electromyography].

[DN 11-7 at 977]. Plaintiff testified she got the EMG but not the MRI because her insurance would not pay for it. [DN 11-2 at 39].

The ALJ noted that, in October 2018, Plaintiff underwent a nerve conduction velocity ("NCV") / electromyography ("EMG") study. [DN 11-2 at 21 referencing DN 11-9 at 1420]. In October 2018, when

he performed the study, neurologist Zeng Wang, M.D., described Plaintiff as a "33 year old female with DM [diabetes mellitus] [who] has chronic lower back pain and left leg pain for 20 years." *Id.* Although the "needle EMG of the lumbosacral paraspinal muscles was not performed because of severe obesity (> 300 lbs.)," Dr. Wang's impression was: "1.  Bilateral mild to moderate L5 and S1 lumbosacral radiculopathy, the left side is slightly worse than right side. 2.  Sensory axonal neuropathy in the lower extremities, **likely diabetic neuropathy** *(emphasis added).*" *Id.*

In summary, the ALJ found and explained why Plaintiff's morbid obesity and diabetes mellitus limit her to sedentary work.  That explanation indicates Plaintiff's alleged back problems would not be expected to result in additional limitations and preclude sedentary work.  Therefore, the ALJ did not commit reversible error in **not** finding Plaintiff's alleged back problems to be severe.

**The ALJ did not commit reversible error in not considering the combined effect of impairments.**

Plaintiff's third argument is that "the ALJ erred in failing to consider the combined effects of [her] impairments."  [DN 16 at 5].  According to Plaintiff, "[o]bviously because the ALJ did not consider [Plaintiff's] **back condition** *(emphasis added)* as a severe impairment, [the ALJ] did not sufficiently consider the impact that had on her ability to perform work activities." *Id.*  The ALJ's not considering the combined effect of impairments was, at worst, harmless error because there is no indication Plaintiff's alleged back condition would preclude sedentary work.

**The ALJ did not err in finding that Plaintiff can stay on-task sufficiently to perform some unskilled, sedentary jobs.**

The vocational expert ("VE") testified that the unskilled, sedentary jobs which the ALJ found that Plaintiff can perform allow the worker to be off-task no more than 10% of the workday.  [DN 11-2 at 49]. As noted above, the ALJ found that Plaintiff must be off-task 5% of the workday.  [DN 11-2 at 17, 19-20, 23].  Plaintiff's first argument is that her mental and physical impairments as a whole require that she be off-task more than 10% of the workday.  According to Plaintiff, "it is apparent from the evidence of record

3

that [Plaintiff] would be off task for at least ten (10%) percent of the work day" in light of the combination of her "mental health issues," "back pain," and "issues that she has with diabetes." [DN 16 at 3].

Regarding Plaintiff's mental health issues, the ALJ noted that Plaintiff's own therapist suspected Plaintiff was more interested in obtaining a diagnosis (for secondary gain) than seeking treatment. [DN 11-2 at 21 referencing DN 11-7 at 392, 395]. The ALJ discounted the opinion of one-time examining consultant Edd Easton-Hogg, Psy.D., that Plaintiff has a "marked" inability to tolerate stress and pressure of day-to-day employment, in part, because Plaintiff's previous employer stated that, although Plaintiff had difficulties with the stress and high volume of the job, she was capable of staying on task and understood the job requirements. [DN 11-2 at 22 referencing DN 11-6 at 318-20 and DN 11-7 at 490].

Regarding Plaintiff's alleged back pain and issues with diabetes, as indicated above in connection with Plaintiff's second argument, there is no evidence that the alleged back pain results in limitations in addition to those from her morbid obesity and diabetes mellitus. In any event, contrary to Plaintiff's assertion, it is not "apparent from the evidence" that, if properly motivated to work, Plaintiff's mental and physical impairments as a whole would result in her being off task more than 10% of the workday.

**Order**

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision was supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 10, 2021

Lanny King, Magistrate Judge
United States District Court